TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Matthew Stewart-Bellazer

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Stewart-Bellazer, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Diversified Consultants, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Matthew Stewart-Bellazer, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Matthew Stewart-Bellazer (hereafter "Plaintiff"), is an adult individual residing at 1702 East Miles Street, Tucson, Arizona 85719, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Diversified Consultants, Inc. (hereafter "Diversified"), is a company with an address of 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256-2805, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

12. Beginning in or around October of 2013, Diversified placed calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

13. At all times mentioned herein, Diversified called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

14. When Plaintiff answered the calls from Diversified, he experienced a period of silence before a pre-recorded message would ask Plaintiff to "press 1" if he was "Matthew Belthazar".

15. When Plaintiff would press "1", the call would then immediately disconnect.

16. On other occasions, Plaintiff would answer Diversified's calls only to hear a dial tone and/or the call was abandoned.

17. On at least one occasion, Plaintiff called Diversified back to speak with a live representative and requested that Diversified cease all calls to his cellular telephone.

18. Despite Plaintiff's unequivocal request to cease all calls, Diversified continued to place calls to Plaintiff's cellular telephone.

19. Upon information and belief, Plaintiff never provided his consent to Diversified to be contacted on his cellular telephone.

20. If at one time Diversified had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

21. Furthermore, Diversified failed to send Plaintiff any written correspondence in regards to the Debt.

4

### C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. At all times mentioned herein and within the last year, Diversified called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

33. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing

6

frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

34. Diversified's telephone systems have all the earmarks of a predictive dialer. Often times when Diversified called Plaintiff, the phone would ring one or two times, and then Diversified's telephone system would abandon the call before Plaintiff could answer.

35. Often times when Plaintiff answered the phone, he was met with a period of silence before Diversified's telephone system would connect him to live person.

36. Upon information and belief, Diversified's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. Plaintiff did not provide and/or revoked his consent to be contacted on his cellular telephone, and in fact instructed Diversified to stop all calls to him and cease calling his cellular telephone.

38. Diversified continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

7

39. The telephone number called by Diversified was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. The calls from Diversified to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Each of the aforementioned calls made by Diversified constitutes a violation of the TCPA.

42. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

1  private affairs or concerns, is subject to liability to the other for invasion of privacy, if

2  the intrusion would be highly offensive to a reasonable person."

3  46.  Arizona further recognizes the Plaintiff's right to be free from invasions of

privacy, thus Defendant violated Arizona state law.

47.  The Defendant intentionally intruded upon Plaintiff's right to privacy by

continually harassing the Plaintiff with the above-referenced calls.

48.  The telephone calls made by Defendants to the Plaintiff were so persistent and

repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second,

§ 652(b) requirement for an invasion of privacy.

49.  The conduct of the Defendants in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly

offensive to a reasonable person.

50.  As a result of the intrusions and invasions, the Plaintiff is entitled to actual

damages in an amount to be determined at trial from Defendants.

51.  All acts of Defendants and its agents were committed with malice, intent,

wantonness, and recklessness, and as such, Defendants are subject to punitive

damages.

9

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

    E. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    F. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

    G. Punitive damages; and

    H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 13, 2013					LEMBERG & ASSOCIATES, LLC


							By:  /s/  *Trinette G. Kent*
							Trinette G. Kent

							Attorney for Plaintiff,
							Matthew Stewart-Bellazer